## CLARENDON WHEELOCK *versus* LEWIS THAYER.

A conveyance of a privilege of drawing water from a pond is not a conveyance of land ; consequently a covenant respecting the privilege cannot be said to run with the land and cannot be enforced in an action by an assignee of the grantee.

The defendant conveyed a privilege of drawing water from a pond when the water should not be four feet below the top of a dam to be erected, and covenanted that he would erect the dam ten feet high, and that he was seised of the granted premises, that he had a right to sell and convey the same, and that he would warrant the same.   It appearing that he had a right to raise the water only six feet instead of ten, it was *held*, that nothing passed by the deed, and that the covenants were broken immediately upon its execution, and consequently were not assignable.

COVENANT broken.   The parties stated a case.

It appeared that on March 7, 1832, the defendant was the owner of a parcel of land lying upon the Little Blackstone river, with a right to abut a dam across the river upon the land of Amasa Henshaw ; that the defendant, in 1831, had erected a dam upon the premises, and raised the water to the height of ten feet, but that that dam had been carried away by a freshet ; and that he had made a contract with certain individuals, for the erection of another dam near the site of the former one.

It further appeared, that the defendant, by a deed dated March 7, 1832, granted to Henshaw, " a privilege of drawing water from a pond in New Worcester, to be raised by a dam to be erected near where a new dam was erected last season by said Thayer ; said Thayer is to erect a dam ten feet high, and to be for ever kept in repair by said Thayer, his heirs or assigns, and to pay all damages for flowing occasioned by the pond ; said Thayer, his heirs or assigns are to draw in the first place from said pond sufficient water to carry four sets of woollen machinery or for other business requiring no more water than four sets of woollen machinery ; " " the privilege intended to be conveyed to said Henshaw is subject to the following restrictions, limitations, and conditions : 1. said Henshaw is to draw no water, when the water is four feet below the top of the dam to be erected as aforesaid ; 2. said Thayer reserves for himself, his heirs and assigns, the first draft of the water sufficient to properly propel the amount of the machinery aforesaid ; that is, said Henshaw's privilege is to consist of all

the surplus water from said pond, except so much as is neces- *Wheelock*
sary to propel the machinery aforesaid ; and said Henshaw is *v.*
in no case to draw the water lower than four feet from the top *Thayer*
of the dam." Then followed the covenants, that the defend-
ant was seised in fee of the premises, that they were free from
all incumbrances, that he had good right to sell and convey
the same to Henshaw, and that he would warrant and defend
them to him, his heirs and assigns, against the lawful claims of
all persons.

On the same day, Henshaw re-conveyed the same water
privilege to the defendant in mortgage, to secure the payment
of the sum of $1500. On August 15, 1832, the defendant,
by a deed of quitclaim, for the consideration of the sum of
$1500, conveyed all his right and title to the mortgaged
premises to George T. Rice and the plaintiff. On April 3,
1833, Rice conveyed all his right and title to the plaintiff.

Subsequently to the conveyance by Rice, the plaintiff com-
menced the erection of a dam across the river and raised the
water by means thereof to the height of about six feet and a
half. This flowed the water back upon the dam and privilege
of the owner of an existing and more ancient mill, who re-
sisted the further raising of the water and the keeping it up at
the height to which it was raised ; and the plaintiff was there-
upon compelled to draw the water down.

It was agreed, that the plaintiff could not raise the water
more than six feet, without creating a nuisance to the mill
which was above his dam.

Upon these facts, the Court were to order a nonsuit or a
default.

*Merrick*, for the plaintiff. The deed from the defendant to *Oct. 6th*
Henshaw was a conveyance of an interest in real estate ; and
therefore the covenants were not mere personal covenants, but
ran with the land. The enjoyment of a water privilege de-
pends upon the ownership of the land over which it passes ;
and a grant of such privilege necessarily gives power to enter
on land. Angell on Water-Courses, 1 ; *Vandenburgh* v.
*Van Bergen*, 13 Johns. R. 212 ; *Holmes* v. *Buckley*, 1 Eq.
Cas. Abr. 27 ; 4 Cruise's Dig. 75 ; Bac. Abr. *Covenant*,
*E* 5 ; *Clap* v *Draper*, 4 Mass. R. 266.

Wheelock
v.
Thayer.

It will be said, that the covenants were broken at the time of the conveyance, and so were not assignable to the plaintiff. But we contend, that the covenants were not broken at the time of the conveyance. The defendant was in possession claiming title ; and it is not necessary, in order to prevent this consequence, that his title should be indefeasible. *Bearce* v. *Jackson*, 4 Mass. R. 408 ; *Marston* v. *Hobbs*, 2 Mass. R. 439. The plaintiff yielded to the valid claims of the owner of the upper mill ; this was equivalent to an ouster, and there was no breach of covenant, till that time. *Hamilton* v. *Cutts*, 4 Mass. R. 349 ; *Sprague* v. *Baker*, 17 Mass. R. 586.

*Washburn*, for the defendant, to the point, that seisin could not be alleged of incorporeal hereditaments, as easements, &c., cited 4 Dane's Abr. 124, 125 ; to the point, that there was a breach of covenant as soon as the deed was executed, and so the covenants could not be assigned, *Bickford* v. *Page*, 2 Mass. R. 455 ; 4 Dane's Abr. 342.

*April term*
*1835.*

WILDE J. delivered the opinion of the Court. Upon the facts agreed, we are of opinion, that this action cannot be maintained. It is an action of covenant broken, founded on the covenants contained in a deed from the defendant to one Amasa Henshaw, which purports to convey a privilege of drawing water from a pond, to be raised by a dam to be erected by the defendant ten feet high, and to be kept by him in repair. Henshaw however was to draw no water when the water should be four feet below the top of the dam. The defendant covenanted that he was seised in fee of the granted premises, and had good right to sell and convey the same to Henshaw ; and the plaintiff alleges a breach of this covenant and claims to recover as the assignee of Henshaw. The defendant's counsel contend, that this was a personal covenant or covenant in gross, and was not assignable. And the cases of *Webb* v. *Russell*, 3 T. R. 402, and *Russell* v. *Stokes*, 1 H. Bl. 562, seem to support this ground of defence. This covenant could not run with the land, for no land was granted, and to make a covenant run with the land, it is not sufficient that it is of and concerning land.

But if this ground of defence could not be sustained, it would not avail the plaintiff ; for there is another objection to

the action which is insuperable.  It appears, that at the time of the defendant's grant to Henshaw he had no right to the privilege granted, although he supposed he had.  On raising a dam to the height of about six feet and a half, it was found that the water flowed back upon the dam of an existing and more ancient mill above, and the plaintiff was compelled to draw the water down ; and it is agreed that the defendant had no right to raise a dam higher than six feet ; so that the grant failed, and the defendant's covenant as to title, was immediately broken, and was not assignable.